DOCKETED ON CM
AUG 2 2 2006
BY _____ 053

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 ~~ABC~~ GPS (JWJx) | Date | August 21, 2006 |
|---|---|---|---|
| Title | Ricky Ritch, et al. v. Aviva Bobb, et al. | | |

Present: The Honorable **Jeffrey W. Johnson, United States Magistrate Judge**

| Amalia Chevalier | None Appearing | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None Appearing                              None Appearing

**Proceedings:**  **(IN CHAMBERS) EX PARTE APPLICATION FOR TEMPORARY PROTECTIVE ORDER (filed August 7, 2006)**

This Court is in receipt of plaintiffs' Ex Parte Application for a Temporary Protective Order (hereinafter "Application") filed in this Court on August 7, 2006, wherein plaintiffs seek a "protective order for the person of Marshall L. Stern." (Application, p. 4.)[1] Specifically, plaintiffs allege that Marshall Stern was unlawfully moved to Magnolia Gardens by the court appointed conservator of Marshall Stern, that Magnolia Gardens has failed the last five state inspections of its facilities in the area of health care and that Marshall Stern has been kept in a heavily medicated state by the staff at that facility. (Id.) Plaintiffs further allege that "the conspiracy is keeping Marshall Stern alive at this time in order to have access to his fairly large Trust" and that "if the conspirators believe that they will lose control over the Trust of Marshall Stern, that the conspirators could cause the death of Marshall Stern." (Id. at 5.)

Plaintiffs are also seeking a "protective order for the estate of Marshall L. Stern and the Marshall L. Stern Living Trust." (Id. at 4.) Specifically, plaintiffs contend that the Estate/Trust of Marshall L. Stern is "very large" and state that they "fear that the defendants in this case will strip the Estate/Trust now that they have illegally taken control over the Trust." (Id. at 5.)

---

[1] Plaintiffs have included three additional pages after page three of the Application. For clarity, this Court has numbered the pages sequentially.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-4795 ~~ABC~~ CAS (JWJx) | Date | August 21, 2006 |
| Title | Ricky Ritch, et al. v. Aviva Bobb, et al. | | |

In their Application, plaintiffs request the following relief: that the Court appoint a temporary conservator/trustee over the person of Marshall Stern and remove James Schnieders as the conservator of Marshall Stern; that the Court order Marshall Stern removed from Magnolia Gardens and transferred to Cedar Sinai Hospital for evaluation and treatment; that the Court terminate the restriction on visitation placed on the plaintiffs by the defendants in this case; that the Court appoint a Trustee over the estate/trust of Marshall Stern until the outcome of this case is determined; and that the Court appointed trustee be authorized to pay for the ongoing care of Marshall Stern, but be prevented from paying any money claimed due to the defendants until the termination of this case. (Id. at 6.)

Upon review of plaintiffs' Application, this Court has determined that plaintiffs are seeking injunctive relief. Thus, a temporary protective order is not an appropriate mechanism for relief; a temporary protective order creates a <u>lien upon any real or personal property</u>, or the proceeds thereof. California Code of Civil Procedure § 486.110(a). Since plaintiffs are seeking injunctive relief (requiring a party either to do or to refrain from doing some act), they must seek an injunction pursuant to Federal Rule of Civil Procedure, Rule 65. Accordingly, plaintiffs must comply with the requirements of FRCP 65 and Local Rule 65-1 when seeking the relief requested in plaintiffs' Application.

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' Ex Parte Application for Temporary Protective Order is denied without prejudice to plaintiff using the appropriate mechanism to seek the relief requested in the Application.

cc: Parties of Record

| | 00 : 00 |
|---|---|
| Initials of Preparer | |