DOCKETED ON CM
JAN 18 2007
BY _____ 053

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Priority  X
Send      X
Enter     ___
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-4795 CAS (JWJx) | Date | January 16, 2007 |
|---|---|---|---|
| Title | RICKY RITCH, et al. V. AVIVA BOBB, et al. | | |

Present: The Honorable  CHRISTINA A. SNYDER

| CATHERINE JEANG | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:**     (IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS CASE
(filed December 28, 2006)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 22, 2007, is hereby vacated and the matter is taken under submission.

## I.     INTRODUCTION

This case arises from a probate proceeding pending in the Los Angeles County Superior Court relating to the Marshall L. Stern Living Trust. On August 1, 2006, plaintiffs Ricky Ritch and Donna Ritch filed this action against 23 defendants[1] alleging the following claims for relief: (1) perjury, (2)

---

[1] Plaintiffs sue the following defendants: Aviva Bobb; William MacLaughlin; Mitchell Beckloff; Brenda Penny; Ronald Berman; James Schneiders; Lisa MacCarley; Christopher Johnson; David Coleman; Andrea Stern-Hodges; Herman Stern; Howard Stern; Berman & Berman; Oldman, Colley, Sallus, Gold, Birnberg & Coleman; Russakow, Ryan & Johnson; Claudia L. Kriegenhofer; Magnolia Gardens; Encino-Tarzana Regional Medical Center; Officer G. Yang; Officer A. Storga; Lee Baca; Los Angeles County Superior Court; Los Angeles County Sheriffs Department; Does 1 to 10. On September 11, 2006, plaintiffs filed a first amended complaint, which added as defendants Retirement Advisors of America and Officer Astorga.

On October 3, 2006, plaintiffs filed a notice of dismissal regarding defendants Los Angeles County, Los Angeles Sheriff's Department, Lee Baca, Officer Yang, and Officer Astorga.

On November 20, 2006, the Court granted the motion of defendants the Superior Court of California, the Honorable Aviva Bobb; the Honorable William MacLaughlin, the Honorable Mitchell Beckloff; Brenda Penny; and Claudia L. Kriegenhofer to dismiss plaintiffs' claims against them. On January 8, 2007, the Court granted the motion of Magnolia Gardens Convalescent Home to dismiss the claims against it.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | January 16, 2007 |
|---|---|---|---|
| Title | RICKY RITCH, et al. V. AVIVA BOBB, et al. | | |

attorney misconduct, (3) judicial misconduct, (4) defamation, libel, slander, and invasion of privacy, (5) civil action for deprivation of rights and conspiracy against rights under 42 U.S.C. § 1983, (6) extortion, (7) false imprisonment/kidnaping, (8) battery, (9) assault, (10) conversion, (11) fraud and deceit, (12) false statement to a bank, (13) state civil rights violation, (14) conspiracy, (15) obstruction of justice, (16) civil RICO, 18 U.S.C. §1961 et seq., (17) Hobbs Act, 18 U.S.C. § 1951, (18) intentional and negligent infliction of emotional harm. Specifically, plaintiff alleges that the named defendants are "participants in the corruption of the California Conservatorship System." FAC at 3.

Plaintiffs allege that "[a]t all times herein mentioned, and in particular on or about February 21, 2006, [plaintiff Ricky Ritch] was[,] and still is[,] the trustee and is entitled to the possession of the assets, personal, monetary, and financial of the [Marshall L. Stern Living] Trust, in order to manage it for the benefit of Marshall L. Stern." Id. at 190. Plaintiffs allege that on or about February 21, 2006, the moving defendants "took the property described" after removing Ricky Ritch as trusee and "have acted in unison to take control of the Marshall L. Stern Living Trust, in...order to utilize the assets of that trust for their own benefit." Id. Plaintiff Ricky Ritch seeks to be reinstated as trustee of the Marshall L. Stern Living Trust, and appointed conservator of the person and estate of Marshall L. Stern.

On October 26, 2006, the Court granted the motion of defendants Ronald Berman; James Schneiders; Lisa MacCarley; Christopher Johnson; David Coleman; Andrea Stern-Hodges; Howard Stern; Berman & Berman; Oldman, Colley, Sallus, Gold, Birnberg & Coleman; and Russakow, Ryan & Johnson to dismiss and/or strike the state law claims against them. Plaintiffs' remaining claims against these defendants are as follows.

As against defendant Ronald Berman, plaintiffs assert claims for civil action for deprivation of rights under 42 U.S.C. § 1983; obstruction of justice; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

As against defendant James Schneiders, plaintiffs assert claims for civil action for deprivation of rights under 42 U.S.C. § 1983; false statement to a bank under 18 U.S.C. § 1014; obstruction of justice; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

As against defendant Lisa MacCarley, plaintiffs assert claims for civil action for deprivation of rights under 42 U.S.C. § 1983; obstruction of justice; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

As against defendant Christopher Johnson, plaintiffs assert claims for civil action for deprivation of rights under 42 U.S.C. § 1983; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

As against defendant David Coleman, plaintiffs assert civil action for deprivation of rights under 42 U.S.C. § 1983; obstruction of justice; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | January 16, 2007 |
|---|---|---|---|
| Title | RICKY RITCH, et al. V. AVIVA BOBB, et al. | | |

As against defendant Andrea Hodges, plaintiffs assert claims for civil action for deprivation of rights under 42 U.S.C. § 1983; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

As against defendant Herman Stern, plaintiffs assert claims for civil action for deprivation of rights under 42 U.S.C. § 1983; civil RICO under 18 U.S.C. §§ 1961-1964; and violation of the Hobbs Act, 18 U.S.C. § 1951.

As against defendants Berman & Berman; Oldman, Colley, Sallus, Gold, Birnberg & Coleman; and Russakow, Ryan & Johnson; plaintiffs assert claims for deprivation of rights under 42 U.S.C. § 1983; and civil RICO under 18 U.S.C. §§ 1961-1964.

On December 28, 2006, defendants Ronald Berman; James Schneiders; Lisa MacCarley; Christopher Johnson; David Coleman; Andrea Stern-Hodges; Howard Stern; Berman & Berman; Oldman, Colley, Sallus, Gold, Birnberg & Coleman; and Russakow, Ryan & Johnson (collectively "the moving defendants") moved to dismiss the remaining federal claims against them. Plaintiffs filed an opposition on January 11, 2007. The moving defendants' motion is presently before the Court.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Cahill, 80 F.3d at 338. The complaint must be read in the light most favorable to the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Continental Corp. v. Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-4795 CAS (JWJx) | Date | January 16, 2007 |
|---|---|---|---|
| Title | RICKY RITCH, et al. V. AVIVA BOBB, et al. | | |

Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   DISCUSSION

#### A. Claims Against Defendant David Coleman

The moving defendants argue that no claims may be maintained against defendant David Coleman in his capacity as special prosecutor. During the proceedings in the Superior Court, Judge Aviva Bobb appointed Coleman as special prosecutor in the contempt proceeding against plaintiff Ricky Ritch. It appears that plaintiffs' claims against Coleman relate to his conduct as a special prosecutor in the contempt proceeding. Prosecutors are entitled to absolute immunity from suit for "initiating a prosecution and . . . presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Prosecutorial immunity applies to allegations that a prosecutor used perjured testimony or withheld exculpatory information. Id. at 431 n.34. Special prosecutors are similarly entitled to absolute immunity. Taylor v. Nichols, 558 F.2d 561 (10th Cir. 1977). The Court therefore GRANTS the moving defendants' motion to dismiss the claims against David Coleman.

#### B. Claims Brought Under Criminal Statutes in Which There is No Private Right of Action

Plaintiffs assert claims under statutes that do not provide private rights of action: obstruction of justice under 18 U.S.C. § 1503, false statement to a bank under 18 U.S.C. § 1014, and violation of the Hobbs Act, 18 U.S.C. § 1951. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (noting that "18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action"); Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402 (8th Cir. 1999) (no private cause of action under 18 U.S.C. § 1951); Milgrom v. Burstein, 374 F. Supp. 2d 523 (E.D. Ky. 2005) (no private right of action under 18 U.S.C. § 1014). Plaintiffs cannot maintain civil claims under these criminal statutes. The Court GRANTS the moving defendants' motion to dismiss these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | January 16, 2007 |
|---|---|---|---|
| Title | RICKY RITCH, et al. V. AVIVA BOBB, et al. | | |

### C. Civil Rights Violations Pursuant to 28 U.S.C. § 1983

Plaintiffs' section 1983 claim relates entirely to the proceeding in which Judge Aviva Bobb held Ricky Ritch in contempt for failure to provide an accounting of trust assets. The moving defendants argue that plaintiffs' section 1983 claim must fail because plaintiffs do not sufficiently allege that the moving defendants acted under color of state law. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991). Generally, a state actor, not a private person, must cause the deprivation of civil rights. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.2002). Only if a private person was "a willful participant in joint action with the State or its agents" can their conduct be construed as state action. Id. (quoting Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183 (1980)).

Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); see also Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir.1984) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action."). "Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement." Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir. 1988). See also Copple v. Astrella & Rice, P.C., 442 F. Supp. 2d 829, 836-37 (N.D. Cal. 2006) (dismissing case for failure to state a claim where the plaintiff alleged a conspiracy between state judge and attorneys, but the complaint was devoid of any facts supporting the existence of an agreement between the judge and attorneys).

Plaintiffs make vague and conclusory allegations of a conspiracy among defendants, and fail to allege any facts from which an agreement between Judge Aviva Bobb and the moving defendants could be inferred. It is unclear from plaintiffs' complaint whether they intend to allege a section 1983 claim against all of the moving defendants, insofar as the complaint mentions only David Coleman and Judge Aviva Bobb in reference to the section 1983 claim. Plaintiffs therefore fail to make sufficient allegations to the effect that the moving defendants acted under color of state law. The moving defendants' motion to dismiss plaintiffs' section 1983 claim is GRANTED.

### D. Civil RICO claim

The elements of a civil RICO claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir.1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). To bring a civil claim under RICO, an individual must have been "injured in his business or property by reason of a violation" of the statute. 18 U.S.C. § 1964(c). "[T]he individual must show proof of concrete financial loss and must demonstrate that the racketeering activity proximately caused the loss." Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006) (internal quotation marks and footnotes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | January 16, 2007 |
|---|---|---|---|
| Title | RICKY RITCH, et al. V. AVIVA BOBB, et al. | | |

omitted).

In the complaint, plaintiffs appear to allege that defendants harmed their interest in the Marshall L. Stern Living Trust by removing Ricky Ritch as trustee. Plaintiffs allege that in February 2006, Judge Aviva Bobb removed Ricky Ritch as trustee, apparently based on the argument that "Mr. Ritch had abandoned his position as Trustee." FAC at 46. However, this Court has no jurisdiction to exercise appellate review of the Superior Court's judgment that Ricky Ritch abandoned his position as trustee. See Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983). Further, because this Court must accept the Superior Court's determination that Ricky Ritch is no longer trustee, plaintiffs can assert no legal interest in the Marshall L. Stern Living Trust assets.

In their opposition, plaintiffs assert that they have suffered direct harm "in the forms of physical violence to the person of plaintiff Ricky Ritch and economic/financial harm to both plaintiffs independent of the defendants' actions with regards to the Marshall Stern Living Trust." Opp'n at 2. However, the complaint fails to allege that the moving defendants had any part in Ricky Ritch's alleged injuries. Indeed, plaintiffs previously dismissed their claims against Los Angeles County, Los Angeles Sheriff's Department, Lee Baca, Officer Yang, and Officer Astorga, who allegedly caused the physical harm to Ricky Ritch. Further, the complaint fails to state any particular economic or financial harm suffered by plaintiffs apart from their asserted interest in the Marshall L. Stern Living Trust. Thus, plaintiffs fail to allege harm to their business or property that this Court would have jurisdiction to consider. The moving defendants' motion to dismiss plaintiffs' civil RICO claim is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the moving defendants' motion to dismiss plaintiffs' remaining federal claims against them. Plaintiffs shall have 15 days in which to file a second amended complaint as to the federal claims against the moving defendants only.

IT IS SO ORDERED.

00 : 00

Initials of Preparer