1 | Ronald Gold, State Bar № 52416
**Oldman, Cooley, Sallus, Gold,**
2 | **Birnberg & Coleman, LLP**
16133 Ventura Blvd. Penthouse A
3 | Encino, CA 91436
818 986 8080
4 |

FILED
CLERK, U.S. DISTRICT COURT

**FEB 26** 2009

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

5 | Attorneys for RONALD BERMAN, an Individual, JAMES SCHNEIDERS, an Individual, LISA
MACCARLEY, an Individual, CHRISTOPHER JOHNSON, an Individual, DAVID COLEMAN, an
6 | Individual, ANDREA STERN-HODGES, an Individual, HOWARD STERN, An Individual,
BERMAN & BERMAN, A Professional Law Corporation, OLDMAN, COOLEY, SALLUS, GOLD,
7 | BIRNBERG & COLEMAN, A Limited Liability Partnership, and RUSSAKOW, RYAN &
JOHNSON, A Professional Law Corporation.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

12 | RICKY RITCH, an Individual, and DONNA RITCH, an Individual,

Case № CV 06-4795 CAS (JWJx)

13 | Plaintiffs,

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR
14 | v.

MANDATORY AWARD OF
ATTORNEYS' FEES ON ANTI-SLAPP
15 | AVIVA BOBB, an Individual, *et al.*

MOTION

16 | Defendants.

[Cal. Code Civ. Pro. § 425.16(c)]

17

18 | Date: March 23, 2009
Time: 10:00 A.M.
Room: 5

19

20

21

22 | RECEIVED
BUT NOT FILED
23

24 | FEB 26 2009
2:47
25

CLERK, U.S. DISTRICT COURT
26 | CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY ___ DEPUTY
27

28

Page 1
Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

# I.

# SUMMARY

Moving defendants filed a Motion for Attorney's Fees on Anti-SLAPP Motion on August 9, 2007. This Court ruled on the motion by Civil Minutes-General, dated September 10, 2007. In its ruling, the Court made the following findings of law and fact. First, moving defendants are entitled to be awarded attorneys' fees and costs incurred in bringing a successful anti-SLAPP motion. Civil Minutes, September 10, 2007, pp. 2-3. Second, moving defendants failed to substantiate that the fees claimed by their attorneys, Oldman Cooley, were reasonable. The Court specifically requested that moving defendants set forth (1) rates for each counsel or paralegal, (2) hours worked by each counsel or paralegal, and (3) independent evidence to show that such rates and time were reasonable given the skill, experience, and reputation of moving parties' counsel. *Id.* p. 3. Given these defects, the Court denied the request for attorneys' fees without prejudice.

Moving defendants wish to redress the shortcomings and move again for attorney's fees and costs. This Memorandum of Points and Authorities will discuss the reasonableness of attorney's fees. Moving defendants otherwise will rely on the facts and arguments originally set forth in the Motion for Attorney's Fees on Anti-SLAPP Motion, filed August 9, 2007.

# II.

# THE AMOUNTS SOUGHT FOR ANTI-SLAPP MOTION ARE REASONABLE

*A. Introduction.*

Moving parties have attached an updated time sheet breaking down the fee request by attorney/paralegal. These services are fully set forth in the attached time sheets. Declaration of Ronald Gold Exhibit 1, time sheets. These amounts are reasonable.

The burden of challenging claimed hours falls on the opposing party. Once a documented fee claim is submitted, the opposing party must state any objections to the hours claimed. Specific objections to particular hours are required, and generalized

1  objections that the hours are "excessive" or "unnecessary" do not suffice to rebut the fee

2  claim. *Avikian v. WTC Fin. Corp.*, 98 Cal.App.4th 1108 (2002). Even if the court agreed

3  with plaintiffs that the hours spent were excessive, the solution would not be for the court

4  to deny the motion in its entirety, but to reduce the number of hours to a reasonable

5  number.

6

7  **B.  *Overall Hours Were Reasonable.***

8      *1.  Scott Raphael.*

9      The Court will notice that the lion's share of the work was performed by Scott

10  Raphael, paralegal. Ronald Gold, attorney in charge of the defense of this matter,

11  delegated most of the work to Mr. Raphael because of his broad experience in the

12  litigation of general civil matters, including anti-SLAPP motions. Paralegal time is

13  compensable at prevailing market rates. *Sundance v. Municipal Ct.*, 192 Cal.App.3d 268,

14  274 (1987). Compensation for paralegals is at market rates, not cost. *Missouri v. Jenkins*,

15  491 U.S. 274, 286 (1989). Non-attorney rates are proven in the same manner as attorney

16  rates. *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins.*

17  *Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).

18      Mr. Raphael was a member of the California Bar from 1983 to 1999. He is a

19  graduate of Stanford University and University of Southern California School of Law. He

20  resigned from the bar with charges pending on May 21, 1999. Although Mr. Raphael is

21  not entitled to practice law, he still brought a wealth of experience to the general

22  preparation of this case; moving defendants were advised of Mr. Raphael's status. Cal.

23  Rules of Professional Conduct Rule 1-311. Mr. Gold acted with prudence by deciding to

24  use less expensive labor to prepare this case.

25      Mr. Raphael was billed at paralegal fees of $150.00 per hour. He expended 65.5

26  hours on this matter, as detailed in the attached timesheets. These services were absolutely

27  necessary for the defense of this action. The complaint against defendants was 245 pages in

28  length and often written in incomprehensive language. The complaint alleged 11 causes of

Page 3
Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

1   action, broken up into 52 separate counts, alleging torts from slander to RICO.  Plaintiffs
2   were seeking $100,000,000 in damages. Needless to say, it takes some time to analyze
3   such a complaint and to prepare defenses to it. Mr. Raphael drafted the Anti-SLAPP
4   motions and the motions to dismiss. He also drafted all replies to the oppositions and the
5   amended complaints.

6         2.     *David Coleman.*

7         David Coleman worked for a very important reason: he was the lawyer primarily
8   responsible for the prosecution of the underlying state court case. He was most familiar
9   with the factual background of the case and the related legal issues. The legal fees would
10  have been far higher if a new lawyer had been forced to come into the matter and learn the
11  case from scratch. Mr. Coleman oversaw the drafts of the pleadings to ensure that they
12  accurately reflected the law and the facts. Mr. Coleman charged $400 per hour and
13  worked 18.1 hours on the case through November 25, 2008.

14        Mr. Coleman is a graduate of University of California, Berkeley, University of
15  California, Hastings College of the Law, and New York University School of Law.  He
16  was admitted to the bar in 1987. Given the breadth of issues presented, Mr. Coleman's
17  hourly rate and hours spent are reasonable.

18        This Court has the power to grant Mr. Coleman's fees even though he was also a
19  defendant in this matter.  A lawyer who hires other members of his firm to defend him is
20  still entitled to an award of attorneys' fees. *Gilbert v. Master Washer & Stamping Co.*, 87
21  Cal.App.4th 212, 220 - 221 (2001). The sine qua non for determining whether fees may be
22  awarded is to determine if the defendant is obligated to the law firm for services. *Ibid.* In
23  this matter, Mr. Coleman was personally liable to his law firm for the fees incurred in this
24  action. Moreover, all of the other moving defendants are liable to Oldman Cooley for
25  attorneys' fees. The fact that Mr. Coleman performed services to prepare the defense of
26  this matter does not defeat the request to be awarded fees.

27

28

Page 4
Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

1       *3.    Ronald Gold.*

2       Ronald Gold performed 2.3 hours, at $450.00 per hour, for a total of $1,035.00.

3   Mr. Gold is a partner in Oldman Cooley. He is a graduate of the University of California,

4   Los Angeles, and Loyola Law School (Los Angeles) and was admitted to the bar in 1972.

5       For the most part, Mr. Gold used his time to supervise Mr. Raphael and discuss the

6   matter with Mr. Coleman, but he did not bill for that supervisory time. In addition, he did

7   not bill for his time to appear in this Court for oral argument. His billing was limited to

8   preparing for the hearing and to review orders. Again, given the breadth of issues and the

9   size of the claim, these charges are reasonable.

10      *4.    James Birnberg.*

11      James Birnberg performed .8 hours and charged $450 per hour. However, this time

12  was not attributable to the Anti-SLAPP issues and has not been included in this fee

13  request. His services consisted of reviewing pleadings and researching RICO issues. For

14  the Court's edification, Mr. Birnberg is a partner in Oldman Cooley. He is a graduate of

15  Pomona College and the University of California, Berkeley School of Law (Boalt Hall)

16  and was admitted to the bar in 1966.

17

18  *C.    Allocation of Services.*

19      *1.    Introduction.*

20      All of the causes of action set forth in the complaint could not be set aside through

21  the anti-SLAPP motion. The complaint alleged various federal causes of action that could

22  only be attacked through a general Rule 12(b)(6) motion. This Court granted the Rule

23  12(b)(6) motion as to the federal counts. Civil Minutes, dated January 16, 2007.

24  Subsequently, moving defendants sought sanctions under Rule 11. This Court denied the

25  motion for sanctions. Civil Minutes, filed September 11, 2007, p. 4.

26      As a result of this matter being dismissed on two separate grounds, defendants must

27  attempt to differentiate the amount of time spent on the Anti-SLAPP issues as opposed to

28  other issues. See *Santisas v. Goodin*, 17 Cal.4th 599, 622 - 623 (1998) (differentiating fees

Page 5
Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

1  for contractual claims and fees for tort claims). However, sometimes the issues are so
2  interrelated that fees cannot be properly allocated and, thus, it is fair to award fees for all
3  work performed in the case. *See Del Cerro Mobile Estates v. Proffer*, 87 Cal.App.4th 943,
4  950 - 951 (2001). It is often near impossible to differentiate time where all claims arise
5  from a "common core of operative facts." *Id.*, 87 Cal.App.4th at 950 - 951.

6     2.   *Scott Raphael.*

7     Mr. Raphael worked on all issues simultaneously and billed for all work as stated in
8  the billing sheets. However, *most of the work can be allocated to the Anti-SLAPP motion.*
9  Simply, like most cases, the hardest part of this case was wading through the pleadings and
10  through the facts. Most of Mr. Raphael's work would have been incurred even if there
11  were no federal claims. Between August 17, 2006, and October 27, 2006, Mr. Raphael
12  amassed 40 hours in work. Moving defendant's believe it fair and reasonable to reduce
13  Mr. Raphael's time by 10 hours, at most, for the work attributable to the federal claims.
14  The remainder, 30 hours or $3,000.00, must be attributable to the Anti-SLAPP motion.

15     3.   *David Coleman.*

16     Mr. Coleman charged $400 per hour and worked 18.1 hours on the case through
17  November 25, 2008. Of that time, 13.3 hours was spent working on the underlying causes
18  of action intertwined with the Anti-SLAPP motion. By this calculation, Mr. Coleman
19  incurred 13.3 hours or $4,120.00 in preparation of the underlying Anti-SLAPP motion.

20

21  **D.   *Conclusion.***

22     The total fees incurred solely in regards to the Anti-SLAPP motion may be
23  reckoned as follows.

24     Scott Raphael          $3,000.00
25     David Coleman          $4,120.00
26     Ronald Gold            $1,035.00
27     TOTAL                  $8,155.00

28

Page 6
Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

## III.

## FEES TO PREPARE MOTION

*A.    Introduction.*

The prevailing party in an Anti-SLAPP motion is entitled to reasonable attorney fees and costs. Code Civ. Pro. § 425.16(c). In addition, the prevailing party is entitled to fees for the time and effort it took to present the fee motion itself. *Serrano v. Unruh*, 32 Cal.3d 621, 639 (1982); *Estate of Tynan*, 49 Cal.3d 868, 879 - 880. Again, it is necessary to examine the time attributable to the Anti-SLAPP issues and those attributable to other issues.

*B.    Fees Incurred to Prepare and Present Motion.*

    *1.    Scott Raphael.*

After October 27, 2007, Mr. Raphael performed services in regards to the Rule 12(b)(6) motion and the Anti-SLAPP fee motion. The hours total 25.5 hours. Of that time, approximately 15.5 were attributable solely to the Rule 12(b)(6) motion. Therefore, Mr. Raphael spent 10 hours, or $1,500.00, are attributable to the preparation of this motion for fees.

    *2.    David Coleman.*

Mr. Coleman worked 18.1 hours on the case through November 25, 2008. Of that time, 4.8 hours was spent working on this fee motion. Defendants attribute $1,920 of his services to preparation of this motion. Since that date, Mr. Coleman has spent 2 hours, at least, to prepare this motion. The total time is 6.8 hours or $2,720.00

    *3.    S. Martin Keleti.*

Lastly, defendants have had to procure an expert opinion as to the reasonableness of these fees. Defendants have sought the opinion of S. Martin Keleti in this regard. Mr. Keleti spent 3 hours at $400.00, or $1,200.00, to present his conclusions.

    *4.    Ronald Gold.*

Mr. Gold expects to spend 3 hours (at $450 /hour) to review the documents and to

Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

1  appear at the hearing.

2

3  C.    Conclusion.

4        The total fees incurred solely in regards to the preparing this fee motion may be

5  reckoned as follows.

6        Scott Raphael            $1,500.00

7        David Coleman           $2,720.00

8        Ronald Gold             $1,350.00

9        Martin Keleti (expert)  $1,200.00

10       TOTAL                   $6,770.00

11

12                                **IV.**

13                          **DISBURSEMENTS**

14       California Code of Civil Procedure §1033.5 lists those costs which are recoverable

15  [subdivision (a)], those which are not [subdivision (b)], and those for which the court has

16  discretion [subdivision (c)(4)]. Attorneys' fees can include reasonable out-of-pocket

17  expenses that are not part of the overhead and are ordinarily billed to fee-paying clients,

18  even if recovery of such expenses as statutory costs is precluded. *Bussey v. Affleck*, 225

19  Cal.App.3d 1162, 1166, 275 Cal.Rptr. 646 (1990). The amounts for disbursements for

20  attorney service and delivery service are such expenses.

21       In addition to fees for attorneys' time, moving parties request an award of $339.11

22  for disbursements. The disbursements are for charges for counsel's attorney service and

23  delivery service. Unfortunately, moving defendants learned early on in the underlying state

24  case that using the United States Postal Service would not suffice to prove that plaintiffs

25  had actually received documents. Plaintiffs' counsel had inconsistent addresses in Tustin

26  and Irvine. Using a delivery service was the most expedient way to ensure service on

27  plaintiffs' counsel. The Court would be acting in its discretion to allow such costs.

28

Anti-SLAPP fee motion P&A.wpd

# V.

## INDEPENDENT REVIEW

This Court has requested an independent statement showing that Oldman Cooley's fees are reasonable given the skill, experience, and reputation of those performing the services. Filed concurrently is the Declaration of S. Martin Keleti. The declaration substantiates that Oldman Cooley's fees were reasonable and sets forth the declarant's qualifications to render such opinion.

# VI.

## CONCLUSION

Moving defendants were forced to reckon with a patently frivolous lawsuit. As comical as the suit may have appeared, the suit sought enormous damages and it required substantial effort to ensure that moving defendants were adequately protected. Moving defendants decided to hire Oldman Cooley because of the firm's broad experience in litigation and the familiarity of its counsel with the subject matter of the underlying matter. Oldman Cooley charged reasonable and necessary fees given the sheer volume of the pleadings and the dozens of issues they raise. This Court is well within its discretion to award the fees sought by Oldman Cooley in their entirety.

For all of the foregoing reasons, defendants respectfully submit that this motion must be GRANTED as prayed.

Executed February 24, 2009, at Encino, California.


Respectfully submitted,

Oldman, Cooley, Sallus,
Gold, Birnberg & Coleman, LLP

By: _____

Ronald Gold,
Attorneys for Defendants

Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)

Anti-SLAPP fee motion P&A.wpd

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Penthouse A, Encino, California 91436-2447.

On February 25, 2009, I served the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR MANDATORY AWARD OF ATTORNEYS' FEES ON ANTI-SLAPP MOTION** on the parties in this action by placing a true copy thereof in a sealed envelope(s), addressed as follows:

X    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

___    by placing ___ the original ___ a true copy thereof enclosed in sealed envelopes addressed as follows:

[X]    **BY MAIL:** I placed each such envelope, with postage thereon fully prepaid for first-class mail for collection and mailing at 16133 Ventura Boulevard, Penthouse A, Encino, California, following ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

[ ]    **BY US EXPRESS MAIL:** I caused said document to be deposited with an express service carrier in a sealed envelope designated by the carrier as an express mail envelope, with fees and postage prepaid.

[ ]    **BY PERSONAL SERVICE:** I caused each such envelope to be delivered by hand to the addressee(s) noted above.

[ ]    **BY FAX:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the following telecopier number(s):

[X]    (STATE) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

[ ]    (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 25, 2009, at Encino, California.

_____
IRIS L. ALTER

Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd

**MAILING LIST**

Albert Sterwerf, Esq.
Law Offices of Albert Sterwerf
18200 Von Karman Avenue, 6th Floor
Irvine, California 92612

Albert Sterwerf, Esq.
Law Offices of Albert Sterwerf
1352 Irvine Boulevard
Tustin, California 92780

Sarah L. Overton, Esq.
Cummings, McClorey, Davis, et al.
3801 University Avenue, #700
Riverside, California 92501

Catherine S. Mason, Esq.
Collins, Collins, Muir & Stewart
1100 El Centro Street
South Pasadena, California 91030

Points and Authorities in Support of Motion for Attorney Fees (Anti-SLAPP)
Anti-SLAPP fee motion P&A.wpd