UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | RICKY RITCH, ET AL. V. AVIVA BOBB, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Not Present

Attorneys Present for Defendants:

Not Present

**Proceedings:** **(In Chambers:) MOTION FOR MANDATORY AWARD OF ATTORNEYS' FEES ON ANTI-SLAPP MOTION** (filed February 26, 2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 23, 2009, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION**

This case arises from a probate proceeding in Los Angeles County Superior Court. On August 1, 2006, plaintiffs Ricky Ritch and Donna Ritch filed this action against twenty-three defendants[1] alleging claims for (1) perjury; (2) attorney misconduct; (3) judicial misconduct; (4) defamation, libel, slander, and invasion of privacy; (5) deprivation of rights and conspiracy against rights under 42 U.S.C. § 1983; (6) extortion; (7) false imprisonment/kidnaping; (8) battery; (9) assault; (10) conversion; (11) fraud and

---

[1] Plaintiffs sued the following defendants: Aviva Bobb; William MacLaughlin; Mitchell Beckloff; Brenda Penny; Ronald Berman; James Schneiders; Lisa MacCarley; Christopher Johnson; David Coleman; Andrea Stern-Hodges; Herman Stern; Howard Stern; Berman & Berman; Oldman, Colley, Sallus, Gold, Birnberg & Coleman; Russakow, Ryan & Johnson; Claudia L. Kriegenhofer; Magnolia Gardens; Encino-Tarzana Regional Medical Center; Officer G. Yang; Officer A. Storga; Lee Baca; Los Angeles County Superior Court; Los Angeles County Sheriffs Department; and Does 1 to 10. On September 11, 2006, plaintiffs filed a first amended complaint, which added as defendants Retirement Advisors of America and Officer Astorga.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | RICKY RITCH, ET AL. V. AVIVA BOBB, ET AL. | | |

deceit; (12) false statement to a bank; (13) state civil rights violation; (14) conspiracy; (15) obstruction of justice; (16) RICO, 18 U.S.C. § 1961-64; (17) violation of the Hobbs Act, 18 U.S.C. § 1951; and (18) intentional and negligent infliction of emotional harm. Specifically, plaintiffs allege that defendants are "participants in the corruption of the California Conservatorship System." FAC ¶ 2.

On October 26, 2006, the Court granted defendants' motion to dismiss and/or strike plaintiff's state law claims against them. On January 16, 2007, the Court granted defendants' motion to dismiss plaintiff's remaining federal claims against them. The Court granted plaintiffs fifteen days' leave to file a second amended complaint as to the federal claims against defendants. On March 7, 2007, the Court dismissed the instant action without prejudice because plaintiffs failed to file a second amended complaint.

On August 9, 2007, defendants Ronald Berman; James Schneiders; Lisa MacCarley; Christopher Johnson; David Coleman; Andrea Stern-Hodges; Howard Stern; Berman & Berman; Oldman, Cooley, Sallus, Gold; Birnberg & Coleman; and Russakow, Ryan & Johnson filed a motion for attorney's fees on Anti-SLAPP Motion, pursuant to Cal. Code Civ. Proc. § 425.16. On September 10, 2007, the Court found and concluded that defendants should be awarded attorneys' fees and costs. The Court found, however, that defendants did not adequately specify (1) the hourly rates for defense counsel, (2) the total number of hours worked at each rate, or (3) independent evidence showing that the requested rates are in line with those prevailing in the community given the skill, experience, and reputation of defense counsel. Accordingly, the Court denied defendants' motion without prejudice.

Defendants again filed a motion for attorneys' fees on February 26, 2009. Defendants' motion is presently before the Court.

**II. DISCUSSION**

California Code of Civil Procedure § 425.16, commonly referred to as California's anti-SLAPP statute, was enacted to allow the early dismissal of "SLAPP" suits. "SLAPP stands for 'Strategic Lawsuit Against Public Participation,' and basically refers to suits directed at some exercise of a person's right of free speech or petition." Lam v. Ngo, 91 Cal. App. 4th 832, 835 n.1 (2001). Section 425.16 provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | RICKY RITCH, ET AL. V. AVIVA BOBB, ET AL. | | |

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Under Cal. Code Civ. P. § 425.16(c), "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c); S.B. Beach Props. v. Berti, 39 Cal. 4th 374, 379 (2006) ("any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court has an independent duty to determine whether the hours and hourly rate submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value. The lodestar amount is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Id. at 433.

On September 11, 2007, the Court ruled that defendants should be awarded attorneys' fees and costs incurred in bringing their successful anti-SLAPP motion. Defendants request a total of $15,281.73 in fees, including $8,155.00 for fees incurred preparing the Anti-SLAPP motion, $6,770.00 for fees incurred preparing the instant motion, and $356.73 in disbursements. In support of their motion, defendants submit the declaration of Ronald Gold, a number of invoices for attorneys' fees, and the declaration of third-party attorney Martin Keleti. After careful review of the declarations and invoices, the Court concludes that the requested rates and hours spent are reasonable. Keleti Decl. ¶ 6; Gold Decl. ¶¶ 4-8. Defendants request $150 per hour for the work of paralegal Scott Raphael, $400 per hour for the work of attorney David Colman, $450 per hour for the work of attorney Ronald Gold, and $400 per hour for the work of independent expert S. Martin Keleti. Based on the submitted evidence and the Court's familiarity with the rates charged by other firms in the Los Angeles legal community, the Court concludes that the requested hourly rates are reasonable. The Court further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4795 CAS (JWJx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | RICKY RITCH, ET AL. V. AVIVA BOBB, ET AL. | | |

concludes that the hours spent on this case were reasonable, given the complex nature of the case. Keleti Decl. ¶ 6 ("The complaint against defendants was 245 pages in length and often written in incomprehensible language . . . . alleg[ing] 11 causes of action broken up into 52 separate counts alleging torts from slander to RICO."). Therefore, the Court awards defendants $15,281.73 in attorneys' fees.

## III.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion for attorneys for attorney's fees in the amount of  $15,281.73.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |